IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PLANT BASED FOODS )
ASSOCIATION and TURTLE )
ISLAND FOODS SPC d/b/a THE )
TOFURKY COMPANY, )
)
      Plaintiffs, )
)
-vs- )  Case No. CIV-20-938-F
)
KEVIN STITT, in his official capacity )
as Oklahoma Governor; and BLAYNE )
ARTHUR, in her official capacity as )
Oklahoma Commissioner of )
Agriculture, )
)
      Defendants. )

# ORDER

Defendants have moved for an order seeking dismissal of Plant Based Foods Association (PBFA) as a party-plaintiff for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and Rule 12(h)(3), Fed. R. Civ. P., and for failure to establish a case or controversy under Article III, Section 2 of the United States Constitution. Doc. no. 118.[1] PBFA has responded, opposing relief. Doc. no. 122. Defendants have replied. Doc. no. 124.

Plaintiffs have brought this action challenging the constitutionality of Oklahoma's Meat Consumer Protection Act (Oklahoma Act), 2 O.S. § 5-107, under the dormant Commerce Clause, the Due Process Clause, and the Supremacy Clause of the United States Constitution. They allege that the Oklahoma Act institutes a

---

[1] In the alternative, defendant Blayne Arthur has moved for an order compelling PBFA to cooperate in the discovery process and provide responsive information on behalf of each of PBFA's members. *See*, doc. no. 119.

protectionist trade barrier that contravenes and is preempted by federal law and imposes vague standards on plaintiff Turtle Island Foods d/b/a the Tofurky Company (Tofurky) and other members of plaintiff PBFA who use words associated with meat products to describe products that are marketed and packaged as 100% plant-based or vegan.  Plaintiffs request the court to declare the Oklahoma Act unconstitutional and grant a permanent injunction preventing enforcement of the Oklahoma Act.

In their motion, defendants argue that PBFA, which is a nonprofit trade association that represents leading manufacturers and sellers of 100% plant-based foods, including plant-based meat producers, lacks standing to prosecute this action. PBFA counters that that it has direct organizational standing as well as associational standing to challenge the Oklahoma Act's constitutionality.

Upon review, the court concludes that it need not address the issue of PBFA's standing.  Defendants have not challenged Tofurky's standing.  And Tofurky has raised the same claims and seeks the same relief, declaratory and injunctive relief, as PBFA.  As a general matter, in a case seeking injunctive relief, the district court need not address a plaintiff's standing if it concludes that one plaintiff has standing. *See*, Pennsylvania v. DeJoy, 490 F.Supp.3d 833, 869 (E.D. Penn. 2020); Western Watersheds Project v. Bureau of Land Management, 971 F.Supp.2d 957, 967-68 (E.D. Cal. 2013); *see also*, Rumsfeld v. Forum for Academic and Institutional Rights, Inc., 547 U.S. 47, 52 n. 2 (2006); Board of Education of Independent School District No. 92 of Pottawatomie County v. Earls, 536 U.S. 822, 826 n. 1 (2002) (not addressing standing of plaintiff because one plaintiff had standing).  Assuming the allegations in the Amended Complaint for Declaratory and Injunctive Relief to be true, *see*, Pueblo of Jemez v. United States, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015), the court is satisfied the allegations are sufficient to establish each of the standing

elements for Tofurky to bring suit.[2]  Consequently, the issue of PBFA's standing need not be resolved at this stage.

Accordingly, Defendants' Motion to Dismiss Plaintiff Plant-Based Foods Association (doc. no. 118) is **DENIED**.

IT IS SO ORDERED this 15th day of November, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0938p030.docx

---

[2] To demonstrate standing, a plaintiff must show that it has suffered an "injury in fact" that is "fairly traceable" to the defendant's actions and that is "likely to be redressed" by the relief it seeks.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

3